IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SEBASTIAN EDWARD YOUNG,
    Plaintiff,

vs.                                      Case No.: 3:05cv114/RV/MD

OFFICER C. MCMILLAN, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

        **Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*,**[1] has filed an amended civil rights complaint (doc. 8)[2] pursuant to 42 U.S.C. § 1983.  Upon review of the complaint, the court concludes that dismissal of this case is warranted.

        Plaintiff filed his amended complaint in response to this court's April 8, 2005 order (doc. 3) directing him to amend his original complaint to clarify his allegations and demonstrate exhaustion of administrative remedies.  The amended complaint presents no facts, asserts no claims, and requests no relief (doc. 8).  In the section of the amended complaint form entitled "Statement of Facts," plaintiff crossed through the form and wrote "See letter - No more entries this page" (*id.*, p. 7).  He left the sections of the complaint form entitled "Statement of Claims" and "Relief Requested" completely blank (*id.*, p. 8).  Plaintiff did, however, attach to his complaint copies of a grievance he filed while confined at the Escambia County Jail.

---

        [1]Plaintiff was not required to submit an initial partial filing fee.  (Doc. 3).  Court records reflect that he has made no payments toward the $250.00 filing fee; therefore, he still owes $250.00 to the court.

        [2]The complaint is improperly titled "Third Amended Complaint," when in fact it is plaintiff's first amended complaint.

Accompanying plaintiff's amended complaint was a letter (doc. 7) entitled "Order to Show Cause," in which plaintiff advised the court of the following:

> I sent all the copies of evidence that I have to show cause to the courts. This is a civil rights complaint. I am under the impression that this is a lawsuit. I filled [sic] this complaint to bring to your attention or someone outside of Escambia County Jail system the problem within the system. I do not wish to persue [sic] this matter as a lawsuit. I brought the problem to your attention with the mind set that you will persue [sic] this matter. What I am seeking is for outside help in better[ing] the lives of inmates at Escambia County Jail. . . . I really wish that you could assist me in this matter.

Based on the foregoing, it appears that plaintiff no longer desires to pursue this lawsuit. Thus, the court could construe plaintiff's letter and amended complaint as a notice of voluntary dismissal and dismiss this action on that basis. Another basis for dismissal is plaintiff's failure to comply with an order of the court (this court's April 8, 2005 order to amend).

Notwithstanding the foregoing, the complaint is due to be dismissed because it fails to state an actionable claim. Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.,* 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond

doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

Aside from identifying the defendants in this action (four corrections officers at the Escambia County Jail), the only information provided in plaintiff's amended complaint is a copy of an inmate grievance. Plaintiff's grievance presents the following claim: "On Feb 10th 2005 @ 5:00 AM Officer McMillan threatened me with severe repercussions for the incident that occurred over razors. She also enticed me into a [sic] argument to justify these repercussions." (Doc. 8, Attach.). Liberally construing the amended complaint and attached grievance, it appears plaintiff is claiming a violation of the Fourteenth Amendment based on defendant McMillan's alleged verbal threat and harassment.

As plaintiff was advised in this court's order requiring amendment, this action is subject to the Prison Litigation Reform Act's ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), exhaustion requirement. Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of all available administrative remedies is mandatory, and is a pre-condition to suit. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)); *see also Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).[3] The exhaustion requirement applies to all inmate suits about prison

---

[3]The purpose of the exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. at 524, 122 S.Ct. 983. In *Alexander*, the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

(1) to avoid premature interruption of the administrative process;
(2) to let the agency develop the necessary factual background upon which decisions should be based;
(3) to permit the agency to exercise its discretion or apply its expertise;
(4) to improve the efficiency of the administrative process;
(5) to conserve scarce judicial resources;
(6) to give the agency a chance to discover and correct its own errors; and
(7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to

life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, *supra*. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. at 1825; *see also Johnson v. Meadows*, --- F.3d ---, 2005 WL 1718602 at *3 (11th Cir. July 26, 2005). The requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *See Booth v. Churner*, 532 U.S. 731, 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Johnson v. Meadows*, *supra*. Based on the foregoing, this court must dismiss this action if it determines that plaintiff failed to exhaust his administrative remedies prior to filing suit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander v. Hawk*, 159 F.3d at 1325-26.

To demonstrate exhaustion, plaintiff attached to his amended complaint copies of an inmate grievance he filed on February 15, 2005 (doc. 8, Attach.). The grievance contains a response dated February 15, 2005 from a captain at the Jail. The response provides: "After investigating this grievance I find that there are no substantiated facts that support any wrongdoing by Deputy McMillan. You may appeal this to Lt. Day" (*id.*). The grievance form provides an opportunity for plaintiff to request an appeal, sign and date the request, and state the reason for appeal. However, this area of plaintiff's grievance is entirely blank. Thus, it appears that even if this court divined a claim and factual averments from the amended complaint, and construed plaintiff's grievance in a light most favorable to him, this action is due to be dismissed for plaintiff's failure to exhaust his administrative remedies.[4]

---

ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)). These sound reasons are certainly applicable to the instant case.

[4]"A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted).

Case No: 3:05cv114/RV/MD

Finally, even if plaintiff had exhausted his claim, the allegations asserted in his grievance fail to state an actionable claim. Plaintiff claims defendant McMillan verbally threatened and harassed him. Generally, "verbal threats, without more," are insufficient "to state a cause of action under the Eighth Amendment." *Chandler v. District of Columbia Dept. of Corrections*, 145 F.3d 1355, 1360 (D.C. Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. at 16, 112 S.Ct. at 1004).[5] As the Fifth Circuit has stated:

> as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. . . . Were a prisoner . . . entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits.

*McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quotations and citations omitted). *See also Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable Section 1983 claim); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998) ("[A]cts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment."); *Swoboda v. Dubach* 992 F.2d 286, 290 (10th Cir. 1993) (allegations that officers threatened to kill inmate not cognizable under Section 1983); *Hopson v. Fredricksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (mere verbal threats generally do not constitute a Section 1983 claim); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973); *accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might

---

[5]To the extent plaintiff was a pre-trial detainee at the time the events giving rise to his complaint transpired, his claim is founded upon the Fourteenth Amendment, *Thomas v. Town of Davie*, 847 F.2d 771, 772 (11th Cir. 1988). The applicable standard is the same as the Eighth Amendment prohibition against cruel and unusual punishment which applies to sentenced prisoners. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986); *Hamm v. DeKalb County*, 774 F.2d 1567, 1571, 1574 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986).

seem,' does not constitute the violation of any federally protected right" under section 1983); *Partee v. Cook County Sheriff's Office*, 863 F.Supp. 778, 781 (N.D.Ill. 1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment); *Davis v. Sancegraw*, 850 F.Supp. 809, 813 (E.D.Mo. 1993) ("[v]erbal insults or threats generally do not rise to the level of a constitutional violation" except where they involve "a 'wanton act of cruelty' such that the inmate is in fear of 'instant and unexpected death at the whim of his bigoted custodians'"). Plaintiff's amended complaint fails to describe the harassment at issue, much less suggest an accompanying physical injury. Merely alleging that harassing language was used, without more, falls far short of stating a constitutional claim.

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) and the clerk be directed to close the file.

At Pensacola, Florida this 12th day of August, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).